# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF ESSEX, NOVEMBER TERM 1837, AT SALEM.

PRESENT:

HON. LEMUEL SHAW, CHIEF JUSTICE,
HON. SAMUEL PUTNAM,
HON. SAMUEL S. WILDE,
HON. MARCUS MORTON,      JUSTICES.
HON. CHARLES A. DEWEY,

THE TRUSTEES OF THE MINISTERIAL FUND in the Fifth Parish in Gloucester *versus* The Inhabitants of GLOUCESTER.

Before the Revised Statutes a ministerial fund in the hands of incorporated trustees, the interest of which was to be paid annually by the trustees to the treasurer of a parish and to be by him paid over to the minister as a part of his salary, was liab.e for county and town taxes, and was rightfully assessed to the trustees.

ASSUMPSIT to recover back the amount of certain town and county taxes assessed upon the plaintiffs by the town of Gloucester, for 1830 and the four succeeding years.

The plaintiffs were incorporated by *St.* 1826, *c.* 123; which was made a part of the case. The fund in their hands consisted of money at interest.

*Saltonstall,* for the plaintiffs.

*Rantoul,* for the defendants, cited *St.* 1830, *c.* 151, § 2,

(tax act ;) *St.* 1820, *c.* 64, § 1, 6 ; *St.* 1830, *c.* 130, § 1, 7 ; Revised Stat. *c.* 7, § 2.

Trs. of Ministerial Fund in Fifth Parish in Gloucester
*v.*
Gloucester.
*Nov.* 11*th*

SHAW C. J. delivered the opinion of the Court. The material question in this case is, whether the plaintiff corporation, holders of a ministerial fund, were liable to be assessed for the town and county tax. By the Revised Statutes, *c.* 7, § 10, *art.* 8, a specified mode of taxation is provided, by directing that all property held by any religious society, as a ministerial fund, shall be assessed to the treasurer of such society. But this question must be decided by the law as it stood before. We think the Revised Statutes did not intend to create any new liability, but only to give a more specific and practical direction, as to the mode of assessment. The Court are therefore of opinion, that by the law as it stood before, this fund was liable to taxation, being within the general words and not specifically excepted.

But the plaintiffs contend, that it falls within the provision of the *St.* 1828, *c.* 143, § 2, the last proviso, that persons entitled to the income of any personal property held by others in trust for them, shall be liable to be taxed &c. By the provisions of the act of incorporation, under which these trustees are organized, they are to pay over the income of the fund to the parish treasurer, who is to pay it to the clergyman towards his salary. It was contended, therefore, that the tax should have been assessed either to the parish treasurer or the clergyman. But the Court are of opinion, that the provision in question is intended to apply to those only, who are entitled to the income of a trust fund, in their own right, and for their own use and benefit, and neither the treasurer nor the clergyman falls within this description, and therefore that it was rightfully assessed to the legal holders.

*Plaintiffs nonsuit.*